UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL SELMONT         ) | |
| ) | |
| Plaintiff,         ) | |
| v.         ) | CIVIL ACTION NO.: |
| ) | 3:02 CV 1677 (GLG) |
| METRO-NORTH RAILROAD         ) | <u>FELA HEARING LOSS CASES – MAY BE</u> |
| COMPANY, et al.         ) | <u>FILED IN NEW HAVEN AS ORDERED BY</u> |
| ) | <u>MAGISTRATE JUDGE MARGOLIS</u> |
| Defendants.         ) | |
| ) | March 3, 2004 |

**DEFENDANT, CONSOLIDATED RAIL CORPORATION AND AMERICAN FINANCIAL GROUP INC.'S, MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE: PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION(S) TO DEFENDANT CONSOLIDATED RAIL CORPORATION AND PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION(S) TO DEFENDANT AMERICAN FINANCIAL GROUP, INC.**

The defendants, Consolidated Rail Corporation ("Conrail") and American Financial Group, Inc. ("Penn Central"), in the above-entitled matters, pursuant to Fed.R.Civ.P. Rules 26(c) and 30(b)(6), hereby file the instant *Memorandum of Law* in support of their *Motion* requesting that a protective order be entered by the Court relative to: (1) the *Plaintiffs' Notice of 30(b)(6) Deposition(s) Defendant Consolidated Rail Corporation,* whereby the scope of the testimony sought by the plaintiffs be limited as discussed more fully herein; and (2) the

Oral Argument Requested/
Testimony Not Required

*Plaintiffs' Re-Notice of 30(b)(6) Deposition(s) to Defendant American Financial Group, Inc., f/k/a American Premier Underwriters, Inc., f/k/a Penn Central Corporation (hereinafter referred to as "Penn Central"),* whereby the deposition not be had, as no such witness can be designated since Penn Central is no longer in existence. Pursuant to Fed.R.Civ.P. Rule 26(c), the parties have conferred, in good faith, in an attempt to resolve the matters discussed herein relating to the instant *Motion*, as evidenced in the accompanying *Certificate*, and have been unable to reach a mutually satisfactory resolution.

I.      **PRELIMINARY STATEMENT**:

The plaintiffs in the above-captioned matters (the first two "batches" of pending hearing loss cases) collectively noticed the deposition of Conrail's designated 30(b)(6) witness(es) for March 5, 2004, and by agreement of the parties, this deposition was postponed to March 9, 2004, the date which the deposition is currently scheduled. Additionally, the plaintiffs' noticed the deposition of Penn Central's 30(b)(6) witness for March 17, 2004. Despite several conferences between counsel which resulted in some limitations concerning the subject matters the plaintiffs wish to explore at this deposition, an agreement could not be reached.

II.     **ARGUMENT**:

      A.      **THE SCOPE OF THE DISCOVERY/TESTIMONY REQUESTED BY THE PLAINTIFFS SHOULD BE LIMITED TO THE TIME PERIOD WHICH THE PLAINTIFFS WORKED FOR CONRAIL, NAMELY 1976 TO JANUARY, 1984:**

2

"The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" H. Lewis Packing, LLC v. Spectrum Plastics, Inc., 2003 U.S. Dist. LEXIS 19062 (D. Conn., Apr. 11, 2003) at *2 *citing* Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2nd Cir. 1992)(quotations omitted). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party… Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The scope of discovery, however, is not without bounds, and limitations are imposed where the discovery is 'unreasonably cumulative or duplicative,' overly 'burdensome…expensive' or 'the burden or expense of the proposed discovery outweighs its likely benefit.'" H. Lewis Packing, LLC at *2 *quoting* Fed. R. Civ. P. 26(b)(2). Moreover, "an order compelling discovery may be tailored to the circumstances of the case." Id. *citing* Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996). Accordingly, the defendant Conrail respectfully requests that the plaintiffs' requests be limited based upon the fact the plaintiffs were employed by Conrail from 1976 to, at the latest, January, 1984.[1]

---

[1] In 1984, the portion of Conrail which all of the plaintiffs worked for converted to Metro North Railroad Company, and therefore each of the plaintiffs was employed by Metro North, not Conrail, no later than January, 1984. Moreover, as stated in earlier motions, although not one of the above-captioned plaintiffs has worked for Conrail beyond January, 1984, the majority of plaintiffs, if not all of the plaintiffs, claim to have first discovered their respective hearing losses post-1999, some 15 years after last working for the defendant.

It is important to note that as of September 30, 2004, Conrail has approximately thirty (30) remaining employees, most of whom provide the functions and services necessary for final accounting. Accordingly, there is no Conrail employee who can be compelled to provide testimony concerning the matters itemized in the plaintiffs' *Notice of Deposition*, and producing any current Conrail employee would only serve to frustrate discovery further. Therefore, in an effort to most fully cooperate in the discovery process, Conrail has contacted one of its former employees, William Barringer, Conrail's former Safety Supervisor, who has graciously agreed to testify, to the best of his ability and subject to the limitations requested herein below, on Conrail's behalf in relation to the plaintiffs' *Notice of Deposition.*

Included in the plaintiffs' *Notice of Deposition* is a list of thirty-two (32) Items about which the plaintiffs wish Conrail's designated 30(b)(6) witness to testify. See Exh. A. Conrail requests that each of these Items be limited to the time period during which the above-entitled plaintiffs worked for Conrail, namely 1976 to January, 1984. As none of the plaintiffs worked for Conrail beyond this date, there can be no argument that Conrail's practices, procedures and policies concerning hearing conservation subsequent to January, 1984 would be relevant to the instant plaintiffs' cases. Moreover, the Items requested by the plaintiffs are overly broad and unduly burdensome, and should therefore be limited to the periods during which the plaintiffs worked for Conrail. Notably, after discussing this issue at length with plaintiffs' counsel,

plaintiffs' counsel agreed to limit Item Nos. 6, 7, 8, 9, 27 and 32 to 1976 to 1984. Although the plaintiffs' cooperation in this regard is appreciated, it is simply not enough. Each of the Items listed in the plaintiffs' *Notice of Deposition* must similarly be limited, and in no case should the plaintiffs' requests extend beyond January, 1984.[2]

Furthermore, as the plaintiffs' Item Nos. 19, 20 and 21 concern documents which were prepared in 1988, 1992 and 1995 respectively, Conrail requests that these Items be stricken, and that Conrail not be required to provide testimony concerning these documents.

Finally, in relation to Item No. 23, wherein the plaintiffs seek testimony concerning "the work locations, departments, job descriptions and crafts of the first one hundred individuals who brought hearing loss claims against Conrail and the years said claims were made and/or brought," Conrail does not, and was not required to, maintain such records, and therefore, there is no person who can testify to such matters. Thus, Conrail requests that it be protected from testifying as to Item No. 23.

Therefore, Conrail requests that the Court enter a protective order limiting the testimony sought by the plaintiffs as indicated in their collective *Notice of Deposition.*

    **B.**     **THE PLAINTIFFS' DEPOSITION OF PENN CENTRAL'S 30(b)(6) DEPOSITION NOT BE HAD, AS NO SUCH WITNESS CAN BE DESIGNATED SINCE PENN CENTRAL IS NO LONGER IN EXISTENCE:**

---

[2] The Court has similarly qualified Conrail's duty of production to the time periods during which the plaintiffs were employed by Conrail in its *Ruling on Plaintiffs' Motion to Compel the "Conrail Defendants"* dated January 23, 2004.

Each of the plaintiffs in the above-referenced matters, with the exception of <u>Compo v. Metro North, et al.</u>, <u>Laskevitch v. Metro North, et al.</u>, and if following matters worked for Penn Central from 1968 to 1976: Penn Central ceased to exist in 1976, and therefore, there can be no witness designated to testify on its behalf.  All transfers of properties of the trustees of Penn Central, in accordance with the Plan of Reorganization to the Penn Central Corporation (the reorganized Penn Central Transportation Company) were effected pursuant to the Consummation Order and Final Decree and thus transferred free and clear of all claims, rights, demands, interests, liens and encumbrances of every kind and character whether or not properly or timely files and whether or not approved, acknowledged or allowed in the bankruptcy proceedings unless otherwise provided for in the Plan of Reorganization by the debtor, Penn Central.  Furthermore, the plaintiffs in the above-entitled matters, were never employed by Penn Central Corporation, as Penn Central Corporation has never been a common carrier by rail.  Accordingly, the defendants respectfully request that Penn Central's 30(b)(6) not be had.

However, once again, in the interest of full and complete disclosure, the defendants have treated the plaintiffs' list of Items contained within their *Notice of Penn Central's 30(b)(6) Deposition* as a further discovery request, and have attempted to prepare responses thereto, which will be delivered to the plaintiffs' counsel no later than March 5, 2004. Additionally, Mr. Barringer may also possess some information concerning Penn Central, and although he cannot be designated as a 30(b)(6) witness for Penn Central, and may be able to

provide some testimony concerning Penn Central activities.

Accordingly, the defendants request that the Court enter an order precluding the deposition of Penn Central's 30(b)(6) witness, as no such person exists.

**III.   CONCLUSION:**

For the reasons stated more fully herein above, the defendants respectfully request that their *Motion for Protective Order* be GRANTED.

>
> Respectfully submitted,
> CONSOLIDATED RAIL CORPORATION and
> AMERICAN FINANCIAL GROUP, INC.
> By its Attorneys,
>
> _____
> Michael B. Flynn,#ct21215
> Lori A. McCarthy #ct19557
> FLYNN & ASSOCIATES, P.C.
> 189 State Street, Sixth Floor
> Boston, MA 02109
> (617)722-8253
> (617)722-8254 (facsimile)

7

## **CERTIFICATION**

      This is to hereby certify that a copy of the foregoing has been hand-delivered this 3rd day of March, 2004, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

                                        _____
                                        Lori A. McCarthy

G:\F & A\CASE FILES\CSX OCCUPATIONAL\HEARING LOSS\General Hearing Loss\Pleadings\Conrail's Memo of Law in Support of Protective Order.3.2.04.doc